IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FRED McCORD,  ]
             ]
   Plaintiff, ]
             ]
v.           ]         CV-03-BE-0153-S
             ]
INTERNAL REVENUE SERVICE, et ]
al.,         ]
             ]
   Defendants. ]

MEMORANDUM OPINION

I. INTRODUCTION

The following motions are currently pending before this court: the motion to dismiss (doc. # 6) filed by defendants State of Alabama Department of Revenue and State of Alabama Department of Revenue employee Lakarrjala Campbell ("state agency defendants"); the motion to dismiss (doc. # 13) filed by defendants Internal Revenue Service and IRS employees Celestine Morgan, Daniel Shirah, and Ms. Brady[1] ("federal agency defendants"); and the plaintiff's motion for summary judgment (doc. # 15).

On January 22, 2003, *pro se* plaintiff Fred McCord filed suit in this court. However, his complaint was virtually incomprehensible and included no specific facts, espoused no clear legal theories, and did not clearly indicate the nature of the relief sought against the defendants. Consequently, the court ordered the plaintiff to file a more definite statement under FED. R. CIV. P.

---

[1]The plaintiff's complaint does not refer to this defendant by her first name.

1

12(e). *See* doc. # 4. Unfortunately, McCord's response to the court's order was of little help in understanding the nature of his claims. *See* doc. # 5.

Because courts are required to exercise a certain degree of deference in construing the complaints of *pro se* plaintiffs, *see Harris v. Kerner*, 404 U.S. 519, 520 (1976); *Harris v. Ostrout*, 65 F.3d 912, 915 (11th Cir. 1995), the court has been placed in the precarious position of attempting to interpret the precise factual and legal nature of the claims asserted in this lawsuit. After a thorough examination of the record, including the facts contained in the defendants' motions to dismiss and those contained in the plaintiff's motion for summary judgment (doc. # 15), the court interprets McCord's claims in this lawsuit as ones for various deprivations of his Fifth and Fourteenth Amendment due process rights based on the defendants' failure to permit him to claim various deductions that apparently resulted in the overpayment of state and federal income taxes. In essence, McCord seeks a refund against the defendants based on the above-referenced overpayments.

However, even with this understanding of the plaintiff's claims and the deferential standard of review, the court nevertheless concludes that the defendants' motions to dismiss are due to be granted because the court lacks subject matter jurisdiction pursuant to FED. CIV. P. 12(b)(1). The court also concludes that the plaintiff's motion for summary judgment is moot given the court's lack of subject matter jurisdiction.

## II. DISCUSSION

A defendant may move to dismiss a complaint if it fails to allege facts sufficient to invoke the court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). The party invoking jurisdiction bears the burden of producing the necessary facts to establish subject matter jurisdiction. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir.1994). In evaluating a motion to

dismiss for lack of subject-matter jurisdiction, the court assumes that all factual allegations set forth in the complaint are true. *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). The court may also consider any pleadings, affidavits, or other evidentiary materials that are relevant to the issue of subject-matter jurisdiction. *Haase*, 835 F.2d at 906.

The state agency defendants' motion to dismiss is premised on the Federal Tax Injunction Act, 28 U.S.C. § 1341, which provides that "[t]he district courts *shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law* where a plain, speedy and efficient remedy may be had in the courts of the state." (emphasis added). The Act is an absolute bar on federal jurisdiction and cannot be waived by either party. 28 U.S.C. § 1341. By its terms, the Act precludes injunctive, anticipatory, or declarative relief designed to prohibit the state's ability to collect taxes when state law provides a plain, speedy, and efficient remedy. *See Jefferson County, Ala. v. Acker*, 527 U.S. 393, 408 (1982).

However, the law of this circuit is well-settled that the Federal Tax Injunction Act is not narrowly construed to only prohibit injunctive relief designed to prohibit tax collection, but is a broad restriction on federal jurisdiction in lawsuits seeking to impede the state's administration of its tax system. *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir. 1979).[2] Other jurisdictions have also recognized that the Federal Tax Injunction Act divests federal courts of jurisdiction in cases where the plaintiff seeks a refund of taxes already paid. *Pendleton v. Heard*, 824 F.2d 448, 451 (5th Cir. 1987); s*ee also, Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Lastly, of particular importance given McCord's

---

[2]*See Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981), *en banc*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

allegations of a deprivation of his constitutional rights is the Supreme Court's decision in *California v. Grace Brother & Church*, 457 U.S. 393, 415 (1983), which holds that the Act also prohibits district courts from issuing declaratory judgments holding state tax laws unconstitutional.

Given these authorities, even a liberal construction of the complaint indicates that McCord is essentially attacking the constitutionally of decisions by state actors regarding his entitlement to a refund for overpayment, issues which are integral to the administration of the state's system of taxation.[3] Furthermore, given Ala. Code § 40-2A-7(5), which provides taxpayers with a variety of mechanisms to appeal a final assessment by the State of Alabama Department of Revenue, the court concludes that Alabama law provides the plaintiff with a plain, speedy and efficient remedy. Accordingly, the court concludes that the motion to dismiss filed by defendants State of Alabama Department of Revenue and Campbell is due to be granted.

The court also concludes that the motion to dismiss filed by the federal agency defendants is due to be granted. To the extent that McCord claims for damages against IRS employees Celestine Morgan, Daniel Shirah, and Ms. Brady in their official capacities,[4] these claims are due to be dismissed for lack of subject matter jurisdiction pursuant to the doctrine of sovereign immunity. *See U.S. v. Sherwood*, 312 U.S. 584, 586 (1941) (holding that the United States is

---

[3]In support of his position that the Federal Tax Injunction Act does not divest this court of jurisdiction, the plaintiff directs the court to the Seventh Circuit's holding in *Board of Education v. Bosworth*, 713 F.2d 1316, 1320 (7th Cir. 1983). In that case, the court held that the Act did not apply to a lawsuit filed to compel the distribution of taxes collected by the state. Because the issue in that case involved the distribution of taxes collected by the state and a lawsuit filed by a taxpayers challenging the state's failure to distribute taxes, the court distinguishes its holding from the facts of this case.

[4]Plaintiff's complaint does not provide the court with any basis for concluding that he asserts any claims against defendants Morgan, Shirah, and Ms. Brady in their individual capacities for violations of his constitutional rights. Consequently, the court does not interpret his complaint as alleging a *Bivens* Action against these individual defendants. *See FDIC v. Meyer*, 510 U.S. 471 (1994) (noting that a claim for money damages for constitutional violations will lie only against a federal official in his or her individual capacity, as a *Bivens* action).

immune from all lawsuits, including ones for constitutional violation, unless it waives its sovereign immunity). Because a judgment on the plaintiff's claims against the individual defendants in their official capacities would be paid by the federal government, these claims are in reality claims against the United States. *See Stafford v. Briggs,* 444 U.S. 527, 542 n.10 (1980) (holding that "[i]n deciding whether an action is in reality one against the Government, the identity of the named parties defendant is not controlling; the dispositive inquiry is 'who will pay the judgment?'") (internal citations omitted). Furthermore, pursuant to 28 U.S.C. § 2679(b)(1), a lawsuit against the United States of America is the exclusive remedy for injuries arising from any negligent or wrongful act or omission of a government employee acting within the scope of his or her employment. Given these authorities, the plaintiff's claims against the individual federal agency defendants are due to be dismissed for lack of subject matter jurisdiction.

Similarly, McCord's claims against the IRS are also due to be dismissed for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 1346(a)(1),[5] the United States has waived its sovereign immunity to allow taxpayers to file actions seeking tax refunds or otherwise challenging the assessment or collection of income taxes. However, as a jurisdictional prerequisite to filing suit in federal district court, the taxpayer must first file an administrative claim for a refund with the Internal Revenue Service "within three years from the time the return was filed or two years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within two years from the time the tax was paid." 26 U.S.C. § 7422(a); 26 U.S.C. §

---

[5]That section provides in pertinent part that "[t]he district courts shall have original jurisdiction ... of [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

5

6511(a).[6] *See also, Mutual Assurance, Inc. v. United States*, 56 F.3d 1353, 1355-56 (11th Cir. 1995); *Charter Co. v. United States*, 971 F.2d 1576, 1579 (11th Cir.1992). The failure to file a claim for a refund is a jurisdictional prerequisite to filing a tax refund suit. *Mutual Assurance*, 56 F.3d at 1356. Additionally, a taxpayer must fully pay the tax liability prior to bringing any action for a refund of such liability. *See Flora v. United States*, 357 U.S. 63 (1960).

Despite the opportunity to do so,[7] McCord has not alleged that he has filed a claim for a refund with the Secretary of the IRS or that he paid the tax liability which was allegedly overpaid. Because plaintiff has failed to satisfy his burden of alleging facts sufficient to establish the jurisdictional prerequisites required to invoke this court's subject matter jurisdiction, *see Taylor*, 30 F.2d at 1367, the motion to dismiss filed by the IRS (doc. # 13) is due to be GRANTED.

Based on the foregoing analysis, the defendants' motions to dismiss (docs. # 6 & # 13) are due to be GRANTED and, the plaintiff's claims are due to be DISMISSED pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. Consequently, the plaintiff's motion for summary judgment (doc. # 15) is MOOT given the court's lack of subject matter jurisdiction.

A separate, final order will be entered.

DONE and ORDERED this 2nd day of October, 2003.

KARON O. BOWDRE
UNITED STATES DISTRICT JUDGE

---

[6]That section provides in pertinent part that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed . . . . until a claim for refund or credit has been duly filed with the Secretary [of the Internal Revenue Service] . . . ."

[7]On May 9, 2003, the court entered a briefing schedule giving the plaintiff until May 23, 2003 to file an objection to the motion. *See* doc. # 14. Plaintiff never filed a response to the federal defendants' motion to dismiss.